Hearing Date and Time: September 24, 2020 at 10:00 a.m. (ET)
Objection Deadline: September 17, 2020 at 4:00 p.m. (ET)

**SILLS CUMMIS & GROSS P.C.**
George R. Hirsch, Esq.
Daniel J. Harris, Esq.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000 (Telephone)
(212) 643-6500 (Facsimile)

*Proposed Counsel to the Debtor
and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| OCCASION BRANDS, LLC[1] | Case No. 20-11684 (SMB) |
| Debtor. | |

**NOTICE OF DEBTOR'S MOTION FOR AN ORDER
CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE
UNDER CHAPTER 7 AND GRANTING RELATED RELIEF**

    **PLEASE TAKE NOTICE** that a hearing on the *Debtor's Motion For an Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 and Granting Related Relief* (the "**Motion**") will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "**Court**"), One Bowling Green, New York, New York 10004-1408, on **September 24, 2020, at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**").

    **PLEASE TAKE FURTHER NOTICE** that in light of the COVID-19 pandemic and the Court's General Order M-543 ("**General Order M-543**"), dated March 20, 2020, the Hearing will only be conducted telephonically. **Parties wishing to participate in the Hearing must make arrangements through CourtSolutions LLC**. Instructions to register for CourtSolutions LLC are attached to General Order M-543.

    **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Motion shall be in writing, shall confirm to the Federal Rules of Bankruptcy Procedures and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the

---

[1] The last four digits of the Debtor's federal tax identification number is 3434. The location of the Debtor's service address is: 105 Sleepy Hollow Drive, Middletown, Delaware 19709.

Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 on (i) the Chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004; (ii) counsel to the Debtor, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102 (Attn: Daniel J. Harris, Esq.); (iii) the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Susan Arbeit, Esq.); (iv) counsel to Milestone Partners, Troutman Pepper Hamilton Sanders LLP, 125 High Street, 19th Floor, Boston, Massachusetts 02110 (Attn: Todd Feinsmith, Esq.) and Troutman Pepper Hamilton Sanders LLP, 1313 Market Street, Wilmington, Delaware 19801 (Attn: Evelyn Meltzer, Esq.); and (v) counsel to the Committee, Archer, Three Logan Square,1717 Arch Street, Suite 3500, Philadelphia, PA 19103 (Attn: Stephen Packman, Esq.) so as to be filed and received no later than **September 17, 2020 at 4:00 p.m.** (Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that only those responses that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtor.

Dated: September 3, 2020

Respectfully submitted,

**SILLS CUMMIS & GROSS P.C.**

/s/ Daniel J. Harris, Esq.
George R. Hirsch, Esq.
Daniel J. Harris, Esq.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000 (Telephone)
(212) 643-6500 (Facsimile)
ghirsch@sillscummis.com
dharris@sillscummis.com

*Proposed Counsel to Debtor
and Debtor-in-Possession*

**SILLS CUMMIS & GROSS P.C.**
George R. Hirsch, Esq.
Daniel J. Harris, Esq.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000 (Telephone)
(212) 643-6500 (Facsimile)

*Proposed Counsel to the Debtor
and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>OCCASION BRANDS, LLC[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-11684 (SMB) |

**DEBTOR'S MOTION FOR AN ORDER
CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE
UNDER CHAPTER 7 AND GRANTING RELATED RELIEF**

The above-captioned debtor and debtor-in-possession (the "**Debtor**") submits this motion (the "**Motion**") for entry of an order, substantially in the form attached as **Exhibit A**, pursuant to sections 105(a) and 1112(a) of title 11 of the United States Code (the "**Bankruptcy Code**") converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code. In support of the Motion, the Debtor respectfully states as follows:

**BACKGROUND**

1. On July 22, 2020 (the "**Petition Date**"), the Debtor filed a petition for relief commencing its chapter 11 case (the "**Chapter 11 Case**").

---

[1] The last four digits of the Debtor's federal tax identification number is 3434. The location of the Debtor's service address is: 105 Sleepy Hollow Drive, Middletown, Delaware 19709.

-3-

2. The Debtor is currently operating its businesses and managing its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner. An official committee of unsecured creditors (the "**Committee**") was appointed on August 3, 2020 [Docket No. 40].

3. Founded in 1998, the Debtor is a family of e-commerce websites that focuses on prom, homecoming, bridal and other special occasion events. The Debtor is the largest pure-play e-commerce platform for prom dresses, and operates its business through three web properties: promgirl.com, simplydresses.com, and KleinfeldBridalParty.com. The Debtor's business focuses on the marketing and sale of dresses and accessories for teen events. The largest part of the Debtor's business covers prom, but also includes other events such as homecoming, sweet sixteen, graduation, and other special events.

4. Additional information regarding the Debtor and its business is set forth in the First Day Declaration [Docket No. 10], which is incorporated herein by reference.

## JURISDICTION

5. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested are sections 105(a) and 1112(a) of the Bankruptcy Code.

## REQUESTED RELIEF AND BASIS THEREOF

8. Pursuant to section 1112(a) of the Bankruptcy Code, "[t]he debtor may convert a case under this chapter to a case under chapter 7 of this title unless – (1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request." 11 U.S.C. § 1112(a). Unless one of the foregoing exceptions applies, section 1112(a) affords a debtor-in-possession "an absolute right to convert" the Debtor's chapter 11 case to a case under Chapter 7. See *In re Schuler*, 119 B.R. 191, 192 (Bankr. W.D. Mo. 1990; *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987); *see also House Report No. 95-595, 95th Cong, 1st Sess. 405 (1997); Senate Report No. 95-989, 95th Cong., 2d Sess. 1117 (1978).*

9. None of the exceptions to conversion are applicable here: (1) the Debtor remains a debtor-in-possession; (2) the Debtor's chapter 11 case was not commenced involuntarily; and (3) the Chapter 11 Case has not been converted. Accordingly, the Debtor has an absolute right to convert this Chapter 11 Case to a Chapter 7 case.

10. The Debtor has determined that conversion of the Chapter 11 Case to a case under Chapter 7 is in the best interest of the Debtor's estate. The Debtor filed this Chapter 11 Case to, among other things, pursue a sale of all of its assets pursuant to a section 363 sale. *See* First Day Decl. at ¶ 21. To this end, the Final Cash Collateral Order[2] contains a milestone whereby the Debtor must file a motion, on or before September 3, 2020, seeking (a) approval of bidding procedures for all or substantially all of the Debtor's assets and (b) thereafter, entry of an order approving the sale of all or substantially all of the Debtor's assets. In furtherance of this

---

[2] *Final Order (A)(I) Authorizing the Debtor to Use Cash Collateral Pursuant to 11 U.S.C. § 363, and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 65]

milestone (and others in the Final Cash Collateral Order geared toward the sale process), the Debtor engaged with the holders of its secured promissory notes on a potential credit bid transaction and conducted an initial third party marketing process to gauge interest in the Debtor's assets. As of the date hereof, the Debtor has not received an offer for its assets that could satisfy the costs of administration of this Chapter 11 Case and is otherwise acceptable to the Debtor. As a result, the Debtor does not anticipate filing a motion on or before September 3, 2020 as required by the Final Cash Collateral Order.[3]

11. Moreover, the difficult business environment that faced the Debtor during the spring 2020 sales season and leading up to the Petition Date has continued through the summer. Despite the Debtor's best efforts, its weekly cash receipts since the Petition Date missed their projections each week. As a result, the updated Budget attached to the Final Cash Collateral Order and entered by the Court on August 24, 2020 anticipates an approximately $303,000 cash shortfall for the week ending October 30, 2020 due in large part to the Chapter 11 costs of administration.[4] Without a robust fall homecoming or wedding season, the cash receipts will remain at depressed levels and cause a further cash shortfall.

12. Due to the absence of a viable sale transaction and anticipated weak sales in the coming weeks and months, the Debtor expects there will be insufficient assets to cover all administrative expenses. As a result of the foregoing, the Debtor believes that conversion of the Chapter 11 Case to a case under Chapter 7 is appropriate.

---

[3] The Debtor reserves the right to withdraw this Motion should it receive an offer for its assets that is sufficient to cover the administrative costs of this Chapter 11 Case and is otherwise acceptable to the Debtor.

[4] This shortfall excludes the use of cash from the Payment Protection Program that cannot be used except for limited approved purposes.

7462434

## NOTICE

13. Notice of this Application has been given to (i) the Office of the United States Trustee for Region 2; (ii) the Debtor's twenty largest unsecured creditors; (iii) Milestone Partners; (iv) counsel to the Committee; (v) applicable governmental units; (vi) those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

14. No prior application for the relief requested has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests entry of an Order, substantially in the form of submitted herewith, granting the relief requested herein and granted such other relief as is just and proper.

Dated: September 3, 2020

Respectfully submitted,

**SILLS CUMMIS & GROSS P.C.**

/s/ Daniel J. Harris, Esq.
George R. Hirsch, Esq.
Daniel J. Harris, Esq.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000 (Telephone)
(212) 643-6500 (Facsimile)
ghirsch@sillscummis.com
dharris@sillscummis.com

*Proposed Counsel to Debtor
and Debtor-in-Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>OCCASION BRANDS, LLC[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-11684 (SMB) |

**ORDER GRANTING MOTION OF DEBTOR FOR AN ORDER
CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE
UNDER CHAPTER 7 AND GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order (this "**Order**") converting the Debtor's Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code pursuant to section 1112(a) of the Bankruptcy Code; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Motion is a core proceeding under 28 U.S.C. §157(b)(2); and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, their creditors and other parties in interest; and the Court having found that the Debtor provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this

---

[1] The last four digits of the Debtor's federal tax identification number is 3434. The location of the Debtor's service address is: 105 Sleepy Hollow Drive, Middletown, Delaware 19709.

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

7462434

Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The Chapter 11 Case is hereby converted to a case under Chapter 7 of the Bankruptcy Code.

3. The Debtor shall file (i) a schedule of unpaid debts incurred after the commencement of the Chapter 11 Case within 15 days of the date of this order, and (ii) a final report within 30 days of the date of this order, pursuant to Federal Rule of Bankruptcy Procedure 1019(5).

4. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____ , 2020

                                            HONORABLE STUART M. BERNSTEIN
                                            UNITED STATES BANKRUPTCY JUDGE